# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**FILED**

November 14, 2014

RORY L. PERRY II, CLERK

SUPREME COURT OF APPEALS

OF WEST VIRGINIA

**DOROTHY C. FORMAN,**
**Claimant Below, Petitioner**

**vs.)   No. 13-0817**  (BOR Appeal No. 2047937 & 2047991)
                (Claim No. 2001015792)

**WEST VIRGINIA OFFICE OF**
**INSURANCE COMMISSIONER**
**Commissioner Below, Respondent**

**and**

**MONONGALIA COUNTY BOARD OF EDUCATION,**
**Employer Below, Respondent**


## MEMORANDUM DECISION

Petitioner Dorothy C Forman, by M. Jane Glauser, her attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. West Virginia Office of Insurance Commissioner, by Gregory W. Evers, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated July 26, 2013, in which the Board affirmed a November 16, 2012, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges affirmed the claims administrator's June 18, 2012, decision denying Ms. Forman's request for the medication Celebrex and for the following diagnoses to be added as compensable components: knee degenerative joint disease, trochanteric bursitis of hip, illiotibial band syndrome, and right shoulder sprain. In its Order, the Board of Review also affirmed a November 26, 2012, Order of the Workers' Compensation Office of Judges which affirmed the claims administrator's November 9, 2011, decision denying Ms. Forman any additional permanent partial disability award. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided

1

by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Ms. Forman worked as a teacher for Monongalia County Board of Education. She was traveling between schools in a motor vehicle when she was rear ended by another motor vehicle. The claim was initially held compensable for muscle spasms, thoracic sprain, and neck sprain and subsequently held compensable for lumbosacral joint and ligament. Ms. Forman received an 11% permanent partial disability award. She filed an application requesting additional permanent partial disability award. The claims administrator's November 9, 2011, decision denied Ms. Forman's request for an additional permanent partial disability award and held she was fully compensated by her prior award of 11% based on an independent medical evaluation completed by Richard S. Kaplan, M.D. Ms. Forman also filed an application requesting the medication Celebrex and that the following additional diagnoses be added as compensable components: knee degenerative joint disease, trochanteric bursitis of hip, illiotibial band syndrome, and right shoulder sprain. The claims administrator's June 18, 2012, decision denied the request for Celebrex and the request to add the additional diagnoses. It held that the requested diagnoses and the medication are not related to the compensable injury of August 25, 2000.

In a November 16, 2012, Order, the Office of Judges affirmed the claims administrator's June 18, 2012, decision denying the requested additional compensable components and the medication Celebrex. The Office of Judges found that the records show Ms. Forman has had numerous non-compensable health problems, as well as a prior motor vehicle accident in 1998 for which she was still being treated for at the time of this work injury. The Office of Judges noted that the request for Celebrex was from Mark Franz, D.O., and that he failed to provide any explanation regarding the necessity of the medication for the compensable injury. On August 28, 2000, C.E. Bickerton, D.C., diagnosed Ms. Forman with sprain to neck and upper back, cervical sprain, thoracic sprain, and muscle spasms. Dr. Bickerton noted Ms. Forman remained about the same as last reported, which was prior to the work injury. Dr. Kaplan also examined Ms. Forman and concluded that the medical documentation did not support a causal relationship between the work injury and Ms. Forman's current complaints. Dr. Kaplan further concluded that Ms. Forman has fully recovered and has no remaining symptoms, physical examination findings, diagnoses restrictions or limitations at this time regarding the compensable injury. He found the treatment rendered to date has been overly excessive with reference to the mechanism of the injury and particularly the delay in treatment. The Office of Judges noted that the request for the additional diagnoses was also from Dr. Franz and that he again failed to provide a causal connection between these diagnoses and the compensable injury. The Office of Judges concluded that there is no convincing evidence that any of the requested diagnoses or the medication Celebrex is related to the work injury in August of 2000.

In a November 26, 2012, Order, the Office of Judges affirmed the claims administrator's November 9, 2011, decision denying any additional permanent partial disability award. The Office of Judges concluded that the report of Victor Poletajev, D.C., which found 22% impairment, is unreliable because his addendum failed to provide any details regarding Ms.

Forman's actual deficits and his initial independent medical examination dated April 4, 2004, was not submitted to the Office of Judges' evidence. The Office of Judges also reviewed Dr. Bickerton's independent medical evaluation, in which he found Ms. Forman has 23% impairment under the American Medical Association's *Guides to the Evaluation of Permanent Impairment,* (5th ed. 2000). The Office of Judges concluded that Dr. Bickerton's impairment rating was premised on the inappropriate edition of the American Medical Association's *Guides* because West Virginia uses the American Medical Association's *Guides to the Evaluation of Permanent Impairment,* (4th ed. 1993), for workers' compensation claims. The Office of Judges also looked at Dr. Kaplan's report. Dr. Kaplan found that Ms. Forman had overtly generalized pain syndrome not related to the work injury. He opined that Ms. Forman had fully recovered from the August 25, 2000, work injury and made no impairment recommendation. The Office of Judges concluded that the records prove that Ms. Forman suffers from multiple issues far exceeding the work injury and there is no evidence to support finding Ms. Forman is entitled to any additional permanent partial disability award.

The Board of Review affirmed the Order of the Office of Judges. We agree with the reasoning of the Office of Judges and the conclusions of the Board of Review. Dr. Franz requested the additional diagnoses and Celebrex but did not provide an explanation on how these diagnoses or medication related to the compensable injury. The preponderance of the evidence does not support the requested medication for the compensable injury and the diagnoses have not been shown to be causally related to the work injury.

Furthermore, there is no reliable evidence that Ms. Forman is entitled to any additional permanent partial disability for her August 25, 2000, injury. Several of the physicians have opined that the numerous medications Ms. Forman is currently taking could be the cause of her current complaints and that tapering off some of medications may cause her to feel better. Dr. Poletajev's and Dr. Bickerton's reports were correctly found to be unreliable by the Office of Judges. In addition, Dr. Kaplan found Ms. Forman has fully recovered from her compensable injury with no remaining symptoms, physical examination findings, diagnoses restrictions or limitations at this time regarding the compensable injury.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED:  November 14, 2014**

**CONCURRED IN BY:**
Chief Justice Robin J. Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Allen H. Loughry II

3

**DISSENTING:**
Justice Menis E. Ketchum